### ELI VANIMMONS V. STATE OF OHIO.

1. CONCEALMENT OF STOLEN PROPERTY—MERE ATTEMPT.

Evidence that a person charged with receiving and concealing stolen goods made an unsuccessful attempt, by an offer of money, to dissuade an officer in search of certain stolen property from searching the premises where the property was concealed, may be competent as tending to show that the accused was in fact concealing the property, but is not sufficient in and of itself to constitute the offense.

2. SAME—ATTEMPT OF CONCEALMENT BY MATERIALS.

If a person knowing the place of deposit of stolen goods should prepare himself with materials to cover the same so that they might not be discovered, and should set out for the place of deposit with such materials and with a purpose of thereby covering and concealing such stolen property, but the stolen property should be discovered and recovered before such person had reached the place of deposit, the fact that he had done something designed and intended to conceal the goods, would not be sufficient to constitute an offense under the law.

3. SAME—ATTEMPT BY WORDS.

An attempt to cover up by the use of words instead of materials cannot be more potent in accomplishing an infraction of the law. It is not necessary that the offender should be successful in any degree or for any period in concealing the property, but he must in some measure succeed in accomplishing the act that he designed to effect the concealment.

4. RULES APPLIED—ERRONEOUS CHARGE.

Under foregoing rules a charge that "words are deeds," and that if accused "had knowledge of that fact (the theft) and having that knowledge, that he did or said anything to the officer holding the warrant, which was calculated and intended by him to prevent the search for his property" he is guilty, is erroneous."

*Hill*, prosecuting attorney and *John M. Killetts*, for State.
*M. M. Boothman*, for the prisoner.

The plaintiff in error was convicted under an indictment that charged that he did receive and conceal certain stolen property.

The evidence disclosed that the property was stolen by others, among whom was his brother, and deposited in a house owned and occupied by their parents, where the brothers had their homes. That the sheriff went to this house in search of the thieves and these goods and found the brothers and others there. That plaintiff in error took the sheriff aside and offered him fifty dollars if he would not search the premises for the stolen property, which offer the sheriff promptly rejected, whereupon plaintiff in error volunteered to and did conduct him to where part of the stolen property was deposited. Parts of the stolen goods were concealed and found in other places on the premises, but it does not appear that plaintiff in error knew that they were so concealed until they were found. There was no evidence tending to show that he had *received* the property. He was convicted on the ground that by his act in trying to prevent the search he had *concealed* the property that he knew was there and that he knew had been stolen.

PER CURIAM:

The plaintiff in error made an unsuccessful attempt to dissuade an officer in search of the stolen property from searching certain premises where the stolen property was concealed. It does not appear that plaintiff in error had any authority, domination or control over the premises, or over the stolen goods there concealed, or that he had taken part in placing the goods upon the premises, or in concealing them there, unless his attempt to thus dissuade the officer amounted to a concealment of the goods.

Upon this state of facts and with respect to the attempt to thus dissuade the sheriff from searching, the court charged the jury, in part, as follows:

" Words are deeds, and if you find that, at the time this property was stolen, as charged in the indictment, that Eli Vanimmons had knowledge of that fact, and, having that knowledge, that he did or said anything to the officer holding the warrant, which was calculated and intended by him to prevent the search for this property, or any part of it, in any place or places where Eli Vanimmons knew it to be, and you find these facts, together with the other facts to which I have called your attention, as constituting this crime in the indictment, proved beyond a reasonable doubt, then, gentlemen of the jury, without reference to the purpose for which he did it, whether for his own benefit or to screen others, it will be your duty to find the defendant guilty of larceny, as he stands charged in the indictment."

We hold that in so charging the court erred. That it is not enough that the prisoner did an act " calculated and intended " to conceal the property, but he must have done something which in some measure or degree actually effected that result. A mere *attempt* to conceal, not in any measure effective, is not sufficient to constitute the offense charged.

If one, knowing the place of deposit of stolen goods, should prepare himself with materials to cover the same so that they might not be discovered, and should set out for the place of deposit with such materials and with a purpose of thereby covering and concealing such stolen property, but the stolen property should be discovered and recovered before such person had reached the place of deposit, the fact that he had done something designed and intended to conceal the goods would not be sufficient to constitute an offense under the law. It would be no more than a mere attempt.

An attempt to cover up by the use of words instead of materials cannot be more potent in accomplishing an infraction of the law. It is not necessary that the offender should be successful in any degree or for any period in concealing the property, but he must in some measure succeed in accomplishing the act that he designed to effect the concealment. The act here attempted was the turning aside of the officer, and the attempt was altogether futile and abortive, as if, in the case instanced in the use of material covering, such material had been destroyed before the place of deposit of the stolen goods had been reached. The effort of the prisoner to thus influence the sheriff while it was competent evidence tending to show that the prisoner was in fact concealing the property, was not enough in and of itself to constitute the offense.

We also hold that the verdict is not sustained by sufficient evidence and that, therefore, the court erred in overruling the motion of the prisoner for a new trial.